**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| YUSUF A. SHABAZZ, | |
| Petitioner, | |
| v. | Civil Action No. 5:07-cv-413 (HL) |
| THALRONE WILLIAMS, WARDEN, | |
| Respondent. | |

## ORDER

Before the Court is Petitioner Yusuf Shabazz's ("Shabazz") federal habeas corpus petition. For the following reasons, his petition is denied. All outstanding motions are denied as moot.

### I. BACKGROUND AND PROCEDURAL HISTORY

After a jury trial, Shabazz was found guilty in the Bibb County Superior Court of aggravated child molestation. Shabazz v. State, 273 Ga. App. 389, 390, 615 S.E.2d 214, 215 (2005). He was sentenced a thirty-year prison term, in which twelve years were to be served in prison and the remainder on probation. Id. His motion for a new trial was denied. (Res. Ex. 3 at 1; doc. 14-7 at 17).[1]

---

[1] Respondent filed four exhibits totaling 588 pages. The exhibit page citations are the numbers found on the bottom of each page. The Court also chooses to include citations to the CM/ECF docket document number and the document page number to provide additional clarification of record citations.

Shabazz then appealed his conviction and sentence to the Georgia Court of Appeals asserting that the trial court erred in not applying the rule of lenity and by rejecting his claim of ineffective assistance of trial counsel. The Georgia appellate court found that "[a]t trial, the evidence showed that on March 5, 2000, Shabazz had sexual intercourse with 15-year-old S.J. A physician examined S.J. on the day of the incident and found lacerations and fresh blood on her genitalia consistent with the occurrence of forcible intercourse." Shabazz, 273 Ga. App. at 390, 615 S.E.2d at 215.

The court held that the rule of lenity did not apply and Shabazz did not show how his defense was prejudiced by his trial counsel's performance. Id. at 391-92, 615 S.E.2d at 216-17. It affirmed the trial court's sentence and Shabazz's conviction. Id. at 390; 615 S.E.2d at 215.

Shabazz subsequently filed a state habeas corpus petition claiming relief for:

(1) Trial counsel's ineffective assistance for failing to address the probable cause for the warrant affidavit.

(2) Trial counsel's ineffective assistance for failure to challenge the sufficiency of the indictment, failure to develop a defense, and failure to request the correct jury instructions.

(3) Court error and prosecutorial misconduct.

(4) Appellate counsel's ineffective assistance of counsel for failure to demonstrate the prejudice resulting from trial counsel's ineffective assistance.

(5) Trial counsel's ineffective assistance for failing to present medical and crime scene reports, various witness, and failure to establish a correct jury charge.

2

(Res. Ex. 3 at 2; doc. 14-7 at 18). The state habeas court denied Shabazz's petition on March 13, 2007. (Id. at 6; doc. 14-7 at 22). It found that all of his claims, except his claim of ineffective assistance of appellate counsel, were procedurally defaulted. (Id. at 2; doc. 14-7 at 18). His claim for ineffective appellate counsel was denied because appellate counsel's performance was not deficient and Shabazz did not show how he was prejudiced by appellate counsel's performance. (Id. at 4-5; doc. 14-7 at 20-21).

Shabazz's certificate for probable cause to appeal the denial of state habeas corpus relief was denied by the Georgia Supreme Court on July 13, 2007.[2] (Res. Ex. 4; doc. 14-7 at 25).

Shabazz then filed his federal habeas corpus petition on October 20, 2007. (Doc. 1). He challenges his conviction and sentence on the following grounds:

(1) His trial and appellate counsel were ineffective.

(2) The state had no probable cause to arrest him and withheld evidence.

(3) The State engaged in prosecutorial misconduct because it made prejudicial comments during its arguments to the jury.

(4) The trial court was derelict in its duty because it did not dismiss the charges against Petitioner and did not admonish the State for not being prepared to properly address the issues of guilt.

(Doc. 1). He later filed an amendment to his habeas petition, in which he added the following grounds:

(1) He was subjected to religious persecution.

---

[2] The record does not contain a copy of the Georgia Supreme Court's order. Exhibit Four is a Georgia Supreme Court docket search result page. According to the results page, Shabazz's habeas corpus application was dismissed by the Georgia Supreme Court. The reasons for dismissal are not described.

3

(2) His due process rights were violated.

(3) His imprisonment constitutes cruel and unusual punishment.

(4) He is subject to slavery and involuntary servitude.

(Doc. 9). Respondent contends that Shabazz's claims are procedurally defaulted or without merit.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective on April 24, 1996, amended 28 U.S.C. § 2254(d), provides that a federal court may not grant habeas corpus relief on any claim that was adjudicated on the merits in a state court proceeding unless the adjudication

(1) resulted in a decision that was contrary to, or involved an unreasonable application, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state decision is "contrary to" established federal law if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law; or (2) confronts facts that are "materially indistinguishable" from Supreme Court precedent, but arrives at an opposite result. Williams v. Taylor, 529 U.S. 362, 405, 120 S. Ct. 1495, 1519, 146 L.Ed.2d 389 (2000) (O'Connor, J., concurring).

A state court decision involves an "unreasonable application" of clearly established federal law if it "identifies the correct governing legal rule from

4

[Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Id. at 407-08; 120 S. Ct. at 1520. An "unreasonable application" may also occur "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000) (quoting Williams, 120 S. Ct. at 1520)).

A state court decision is based on an "unreasonable determination of the facts" if there is "clear and convincing evidence" to rebut the presumption that the state court's factual determinations are correct. Schriro v. Landrigan, 550 U.S. 465, 473-74, 127 S. Ct. 1933, 1939-40, 167 L.Ed.2d 836 (2007) (quoting 28 U.S.C. § 2254(e)(1)). If the record provides any support for a state court's factual findings, the court may not set aside the findings unless and until they are rebutted by clear and convincing evidence. Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002).

### III. PROCEDURAL DEFAULT RULES

The district court must deny a federal habeas corpus petition if the petitioner attempts to revive a constitutional claim that a state court has previously denied on procedural grounds. So long as the state court's denial rests on "adequate and independent" state procedural grounds, the district court is precluded from later reviewing the merits of the claim on collateral attack. Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).

5

The district court may also deny a federal habeas corpus petition if the petitioner brings a new claim that would be procedurally barred if he attempted to raise it in state court. The petitioner's failure to bring the claim properly in state court has "matured into a procedural default" and the court may deny the federal habeas petition. Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001). The point of the rule is to avoid "'judicial ping-pong' and just treat those claims as now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998). "[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." Harris v. Reed, 489 U.S. 255, 263 n. 9, 109 S. Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).

There is an exception to the procedural default rule. It occurs when the petitioner shows both cause for the default and prejudice or when the district court corrects a fundamental miscarriage of justice. Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).

In Georgia, there are procedural grounds upon which a state habeas court may rely to deny habeas relief. One ground occurs when a defendant fails to timely object at trial or to raise on direct appeal any error. Those failures create a procedural bar to later consideration in a state habeas corpus proceeding. O.C.G.A. § 9-14-48(d); Todd v. Turpin, 268 Ga. 820, 824, 493 S.E.2d 900, 905 (1997). To overcome the procedural bar, the petitioner must show cause to excuse the default and actual prejudice. O.C.G.A. § 9-14-48(d).

6

Another ground is that a petitioner must raise all his available grounds for habeas relief in his first habeas petition; a second or successive Georgia state habeas petition is barred unless a state habeas judge concludes that the grounds could not have been raised in the original petition. O.C.G.A. § 9-14-51.

## IV. ANALYSIS

### (1) Ineffective Assistance of Counsel

In ground one of his federal habeas petition, Shabazz alleges he received ineffective assistance of counsel at both the trial and appellate levels. The Georgia Court of Appeals ruled that Shabazz failed to show that his trial counsel's performance prejudiced his defense and the Georgia state habeas court found that his appellate counsel was effective.

#### i. Trial Counsel

Ineffective assistance of trial counsel claims are governed by the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). To show ineffective assistance, the defendant must first show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688, 104 S. Ct. at 2064. He must then show that he was prejudiced, meaning that but for his counsel's errors, there is a reasonable probability that the results of the proceeding would have been different. Id. at 694, 104 S. Ct. at 2068.

In habeas cases, the petitioner must show that the state court's finding on effectiveness of trial counsel was contrary to or involved an unreasonable

application of clearly established federal law. Bell v. Cone, 535 U.S. 685, 699, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002) ("[I]t is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, [the petitioner] must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.") (internal citations omitted) (underlines added and italics omitted).

Shabazz contended to the Georgia Court of Appeals that his trial attorneys were ineffective because his first trial counsel failed to turn over notes to his second trial counsel. His second trial counsel was allegedly ineffective because he failed to hire an expert witness to rebut the state's medical evidence and to visit the crime scene.

The Georgia appellate court found that Shabazz did not carry his burden of showing that his trial counsels' performances, even if deficient, prejudiced his defense. The court noted that Shabazz did not allege that an expert witness could have testified as a rebuttal witness and he did not establish what information the second attorney would have obtained from the notes or from visiting the crime scene. Shabazz, 273 Ga. App. at 392, 615 S.E.2d at 216-17.

The Georgia appellate court correctly identified the two prongs of the ineffective assistance of counsel standard. While it did not explicitly cite Strickland, it referred to Berry v. State, 262 Ga. App. 375, 376, 585 S.E.2d 679 (2003), as establishing the two pronged ineffective of assistance of counsel

standard. Berry v. State in turn referred to Strickland. Thus, the Georgia appellate court's decision was not contrary to Strickland.

The Georgia appellate court's decision was also not an unreasonable application of Strickland. During the hearing for a new trial, Shabazz's trial counsel explained that Shabazz desired a medical expert to testify that the there was no sexual penetration because the victim's hymen was intact. Trial counsel testified that he did not hire a medical expert witness because he believed that no credible medical expert would testify that a female's hymen will be displaced during sexual intercourse. (Res. Ex. 2 at 501-02; Doc. 14-6 at 101-2). According to his review of the medical literature, a hymen does not necessarily have to be displaced during sexual intercourse. (Id.) Trial counsel believed that although no credible medical expert would testify that a hymen will break during sexual intercourse, he could pick a male jury as part of his trial strategy. Male jurors would tend to hold the belief that a female's hymen must tear in the event that sexual penetration occurs. (Id. at 501-02; Doc. 14-6 at 101-02).

In his habeas petitions, Shabazz alleged and speculated that a medical expert could have been found to rebut the state's evidence that the victim had been sexually attacked. Shabazz's assertion does not constitute sufficient evidence to satisfy either Strickland prong. See Osborne v. Terry, 466 F.3d 1298, 1310-11 (11th Cir. 2006) (finding state court reasonably applied Strickland when it found that defense counsel was not ineffective for not hiring an expert when the defense counsel did not believe an expert was useful and when the

9

petitioner did not present any evidence that an expert would rebut the government's evidence). Without proof from Shabazz as to whether a reliable rebuttal expert witness could testify on Shabazz's behalf, the Georgia appellate court's finding as to trial counsel's decision not to have an expert testify was reasonable.

Shabazz also asserts that had his second trial counsel visited the crime scene or reviewed the first trial counsel's notes, then he would have learned that the crime scene, a movie theater, was dark, pitch black, and sound proof. His counsel would then have impeached an eyewitness' testimony about what she observed in the movie theater. The eyewitness was the victim's sister. She testified that she saw Shabazz in the movie theater "leaning toward her [sister] a little bit", and at that time, [her sister] was sitting down" and had bare legs. (Res. Ex. 2 at 324; Doc. 14-5 at 60).

Shabazz's first trial counsel testified at the motion for a new hearing that her investigation notes were about the crime scene. (Res. Ex. 2 at 494; Doc. 14-6 at 94). First trial counsel testified that she believed the witness's testimony could have been impeached using the results of the crime scene investigation. (Id.) At trial, Shabazz's second trial counsel cross-examined the witness about what the witness observed at the crime scene and impeached her on the basis that the movie theater was dark and she could not see Shabazz very well. The witness testified that "she couldn't tell" whether Shabazz had his cloths on

because it was dark and she did not stay in the theater very long. (Res. Ex. 2 at 326-27; Doc. 14-5 at 62-63).

The additional information about the theater Shabazz claims his trial counsel would have discovered if he had visited the theater or obtained his former counsel's notes is similar to the testimony that his counsel obtained through cross examination of the witness. Cross-examination about the visibility in the theater was sufficient to show the weaknesses in the witness' testimony. See Card v. Dugger, 911 F.2d 1494, 1507 (11th Cir. 1990) (finding counsel was not ineffective when he failed to impeach a witness with a report when the cross examination was sufficient to show the weaknesses in the witness' testimony). The Georgia appellate court correctly found that counsel's failure to visit the crime scene or obtain counsel's notes was not deficient and did not satisfy the Strickland standard.

Therefore, Shabazz is not entitled to federal habeas relief on the basis that the Georgia appellate court's decision on the effectiveness of his trial counsel was contrary to Strickland or an unreasonable application of Strickland.

### ii. Appellate Counsel

Shabazz raises in his federal habeas petition a claim of ineffective assistance of appellate counsel. An ineffective assistance of appellate counsel

claim is considered under the same two-part test announced in Strickland. Clark v. Crosby, 335 F.3d 1303, 1310 (11th Cir. 2003).[3]

In his state habeas petition, Shabazz contended his appellate counsel was deficient because she failed to show that trial counsel's performance prejudiced him. At the state habeas evidentiary hearing, appellate counsel testified that she did raise ineffective assistance of trial counsel claims, but did not raise all arguments Shabazz wished her to make. She did not raise on appeal ineffective assistance of trial counsel claims for the failure of his trial counsel to have witnesses testify or to place into evidence medical reports. She also did not challenge the prosecutor's statements made during closing argument or the adequacy of the arrest warrant and affidavit. She chose not to raise these claims because she believed there were no grounds for challenge. (Res. Ex. 2 at 45-46; Doc. 14-2 at 91-92).

The state habeas court found that the Strickland standard was not satisfied because appellate counsel did not commit any error and there was no evidence of any actual prejudice. To win on his federal habeas claim, Shabazz must show that the state habeas court's decision was an objectively unreasonable application of or was contrary to federal law.

The state habeas court correctly found that his appellate counsel's conduct was not objectively unreasonable. First, the state habeas court recognized that

---

[3] In Clark, the Eleventh Circuit applied the Strickland test to evaluate a state habeas court's decision on the effectiveness of appellate counsel. Clark, 335 F.3d at 1310.

"[t]he process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail . . . is the hallmark of effective appellate advocacy." (Res. Ex. 3; Doc. 14-7 at 20, citing Smith v. Murrary, 477 U.S. 527, 536, 106 S. Ct. 2661, 91 L.Ed.2d 434 (1986). The state court reasonably concluded that appellate counsel's mere failure to raise all the arguments Shabazz desired to raise did not constitute ineffective assistance of counsel.

Second, the state habeas court held:

> However, this Court understands that the controlling principle is "whether [appellate counsel's] decision was a reasonable, tactical move which any competent attorney in the same situation would have made." [citation omitted]. Moreover, each claim of inadequacy must be examined independently of the other claims, as Georgia law does not recognize the cumulative error rule. [citation omitted]. This Court finds that Petitioner has failed to meet[] his burden of demonstrating that appellate counsel Elizabeth Lane's representation was constitutionally ineffective. The Petitioner has failed to demonstrate to this Court that he suffered any actual prejudice by either trial or appellate counsel.

(Ex. 3 at 5; Doc. 14-7 at 21). The state habeas court thus found that Shabazz's claim failed the Strickland standard. After reviewing the state court's decision and the evidence Shabazz has presented in his federal habeas petition, the Court finds that Shabazz has not attempted to show prejudice nor can the Court glean any evidence of prejudice from the record. Accordingly, the state habeas court's decision was not an unreasonable application of Strickland nor was it contrary to Strickland.

Shabazz is not entitled to federal habeas relief based on his ineffective assistance of appellate counsel's claims.

**(2) Remaining Grounds**

In ground three of his federal habeas petition, Shabazz alleges the prosecuting attorney engaged in prosecutorial misconduct because of comments made during its arguments to the jury. This claim was presented to the state habeas court, which found the claim to be procedurally defaulted because it had not been raised at trial or on direct appeal. (Res. Ex. 3 at 2; Doc. 14-7, at 18-19) (citing O.C.G.A. § 9-14(d)). The state habeas court also found that Shabazz had not demonstrated cause and prejudice to overcome his failure to raise the claim at trial or on direct appeal.

Denying a habeas claim on the basis that the claim had not been raised at trial or on direct appeal constitutes an independent and adequate state procedural ground as it is a regularly applied state procedural doctrine. Walker v. Williams, No. CV 108-020, 2009 WL 2905565, at *6 (S.D. Ga. June 30, 2009) (citing Hightower v. Schofield, 365 F.3d 1008, 1037 (11th Cir. 2004) abrogated on other grounds by Hightower v. Schofield, 545 U.S. 11124, 125 S. Ct. 2929, 162 L.Ed.2d 863 (2005)). The Court is barred from considering the claim unless Shabazz can show cause and prejudice sufficient to overcome his failure to raise his claim of prosecutorial misconduct at trial or on direct appeal or that a fundamental miscarriage of justice has occurred. Shabazz has not carried his burden. Shabazz's claims of ineffective assistance of counsel do not excuse his default because the state habeas court and the Georgia Court of Appeals

correctly found that his counsel was effective and even if the counsels' performances were deficient, Shabazz has not shown any prejudice. He has also not presented any other evidence to suggest why his default should be excused. He is therefore not entitled to habeas relief on ground three.

Finally, it is undisputed that Shabazz's remaining claims were never raised in his state habeas corpus petition. The failure to raise these claims in his original habeas petition would prohibit a Georgia habeas court from reviewing them in a successive petition. Therefore, they are now procedurally defaulted under Georgia's successive habeas petition rule. Because it is clear that under state law Shabazz's remaining claims would be procedurally barred, and because he has not shown cause or prejudice to excuse the procedural default, the Court finds that his remaining claims do not provide a basis for federal habeas relief.

## V. CONCLUSION

For the explained reasons, Shabazz's federal habeas petition is denied.

**SO OREDERED**, this the 18th day of May, 2010.

                              *s/ Hugh Lawson*
                            **HUGH LAWSON, SENIOR JUDGE**

lmc